JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See Fed. R.App. P. 36; D.C.Cir. Rule 36(b). For the reasons stated below, it is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
First, although the district court erred in admitting evidence about the FARC that was both prejudicial to Pineda and unrelated to the case against him, the error was harmless. The Government’s case was strong enough that we cannot say the error had a “substantial and injurious effect or influence in determining the jury’s verdict.” Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).
Second, the court did not err in admitting the portion of the proof-of-life *592 video containing non-hearsay statements from the hostages to their families. Although the Government did not establish that the hostages were detained even in part to prevent them from testifying, see Fed.R.Evid. 804(b)(6), any error from the admission of hearsay statements in the video was harmless because those statements had little, if any, prejudicial effect.
Third, the court correctly refused to allow a defense of “obedience to military orders” because Pineda could not establish the requirements for that defense, which we discussed in United States v. Yunis, 924 F.2d 1086, 1097 (D.C.Cir.1991). Fourth, the court’s lengthy jury instruction about the crime of conspiracy properly informed the jury of the elements of that offense. Fifth, the court correctly declined to instruct the jury about the defense of necessity because there was no evidence Pineda acted to avoid any imminent harm.
Finally, we cannot say the court abused its discretion by giving a “partial verdict” instruction early in the process of deliberation. The jury had deliberated for only a short time, and the court’s instruction merely encouraged it to continue deliberating.
The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.